UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Randy Barao,<br><br>         Petitioner<br><br>v.<br><br>State of Nevada, *et. al.,*<br><br>         Respondents | Case No.: 2:22-cv-01954-JAD-NJK<br><br>**Order Granting Motion to Dismiss Grounds 1, 3 and Denying Remaining Motions**<br><br>[ECF Nos. 8, 15, 16, 17, 24, 26] |

Pro se habeas petitioner Randy Barao challenges his Nevada state-court conviction for aggravated stalking, arguing that he was convicted without any evidence and that his sentence violates double jeopardy.[1] Respondents move to dismiss two of Barao's claims as noncognizable, unexhausted, or procedurally defaulted.[2] I find that grounds 1 and 3 are noncognizable because they are claims of pre-plea constitutional error that are foreclosed by the United States Supreme Court's holding in *Tollett v. Henderson*, so I grant the motion to dismiss them, leaving only his double-jeopardy claim in ground 2. And although Barao has filed several other motions, I find that none of them has merit, so I deny all of them.[3]

**Background**

Barao pled no contest in October 2018 in Nevada's First Judicial District Court for Carson City, Nevada, to one felony count of aggravated stalking.[4] The charge stemmed from Barao's threatening calls and Facebook messages to his ex-wife and her boyfriend and violations

---

[1] ECF No. 5.

[2] ECF No. 8.

[3] ECF Nos. 15, 16, 17, 24, 26.

[4] Exhibit 22. Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF Nos. 9–11.

of temporary protective orders his wife had obtained against him.[5] The parties agreed that his sentence would be deferred for up to two years and he would be under supervised release with conditions including refraining from contacting his ex-wife and any conduct that would threaten or harass her, and otherwise complying with protection orders.[6] If Barao successfully completed supervised release, he'd be able to withdraw his no-contest plea to the felony count and enter a no-contest plea to one count of violating a domestic-violence protective order. Barao also agreed not to keep any firearms or other weapons and that he would be subject to weapons searches.

That same month, Barao was issued a GPS ankle monitor and given permission to reside in Santa Rosa, California.[7] At the end of November, the probation office in Santa Rosa contacted Carson City Alternative Sentencing and informed them that they had discovered Barao's GPS unit slipped off and sitting in his vehicle. A search of his residence turned up knives or swords,[8] so Barao was arrested for violation of his supervised release.[9] A bench warrant issued, and Barao was arrested and returned to Carson City.[10]

The state district court sentenced Barao to 36 to 120 months in prison.[11] The Nevada Court of Appeals affirmed Barao's judgment of conviction[12] and affirmed the denial of his state postconviction habeas corpus petition.[13]

---

[5] *See* Exh. 15.
[6] Exh. 22.
[7] *See* Exh. 31.
[8] *Id.*
[9] *See* Exhs. 32, 33, 35, 36.
[10] Exhs. 32, 33, 35, 36
[11] Exhs. 38, 39.
[12] Exh. 61.
[13] Exh. 112.

Barao dispatched his federal habeas corpus petition in November 2022.[14] He alleges three grounds for relief:

Ground 1: He was convicted without having committed a crime, and his ex-wife and her boyfriend committed perjury at the preliminary hearing in violation of Barao's Fourteenth Amendment due process rights.

Ground 2: His sentence violates his Fifth Amendment right not to be put in double jeopardy.

Ground 3: He was convicted based on fabricated evidence in violation of his Fifth and Fourteenth Amendment rights.[15]

Respondents now move to dismiss grounds 1 and 3 as barred by *Tollett v. Henderson*[16] or because a standalone actual-innocence claim is not cognizable. They also argue that both grounds are unexhausted and procedurally defaulted.[17] The motion is fully briefed.[18]

**Discussion**

**A.     *Grounds 1 and 3 are barred by <u>Tollett</u>*.**

Barao claims in ground 1 that there was no evidence he committed a crime.[19] He contends that his ex-wife's preliminary-hearing testimony contradicted her statements in the sheriff's report and that he was not at her home on the day the alleged crime happened. He also insists that his ex-wife's boyfriend committed perjury because the home address he gave in the

---

[14] ECF No. 5.

[15] *Id*. at 3–8. I note that the Nevada Department of Corrections ("NDOC") website reflects that Barao has been discharged from NDOC custody. *See* https://ofdsearch.doc.nv.gov/form.php (last visited October 25, 2023).

[16] *Tollett v. Henderson*, 411 U.S. 258 (1973).

[17] ECF No. 8 at 2–7.

[18] *See, e.g.*, opposition at ECF No. 15; *see* reply at ECF No. 18.

[19] ECF No. 5 at 3–4.

sheriff's report differed from his preliminary-hearing testimony. In ground 3, Barao alleges that the evidence against him was fabricated because someone else logged onto his Facebook account and sent his wife a threatening message.[20]

In *Tollett*, the United States Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[21] Therefore, "[a]s a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations."[22] A criminal defendant who pleads guilty "may only attack the voluntary and intelligent character of the guilty plea"[23] by showing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases."[24]

Claims of no evidence or fabricated evidence are not challenges to the voluntary and intelligent nature of Barao's plea. Barao heard his ex-wife and her boyfriend testify at the preliminary hearing, which was held about six weeks before he entered his no-contest plea.[25] He does not claim that he was unaware of the evidence, or lack thereof, against him. These are not

---

[20] *Id.* at 7–8.

[21] 411 U.S. at 267.

[22] *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985) (citations omitted).

[23] *Tollett*, 411 U.S. at 267.

[24] *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) (explaining that challenges to guilty pleas in the federal habeas context are generally limited to two major issues: (1) whether the plea was voluntary and intelligent, and (2) whether the petitioner received constitutionally adequate assistance of counsel with regard to the plea process).

[25] Exh. 15.

4

claims that his plea counsel advised him deficiently. So I dismiss grounds 1 and 3 as claims of pre-plea constitutional error that are foreclosed by *Tollett*.

### B.   *To the extent that Barao alleges an actual-innocence claim in ground 1, that claim is not cognizable, unexhausted, and procedurally barred.*

Barao also alleges in ground 1 that he was "sentenced to prison without having committed a crime."[26] To the extent that this is intended as an actual-innocence claim, it is not cognizable here because neither the Supreme Court nor the Ninth Circuit Court of Appeals has held that actual innocence is cognizable as a stand-alone claim on federal habeas review.[27] I note that actual innocence means factual innocence; mere legal sufficiency is not enough.[28]

This claim is also unexhausted because Barao also did not argue on direct appeal that he is actually innocent.[29] A federal habeas petitioner incarcerated by a state must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, so federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised.[30] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to

---

[26] ECF No. 5 at 3.

[27] *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *House v. Bell*, 547 U.S. 518, 554–55 (2006) (declining to resolve issue left open in *Herrera* regarding the availability of a hypothetical, freestanding innocence claim); *see also Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir. 2016) (the Supreme Court has never recognized actual innocence as a constitutional error without an independent constitutional violation).

[28] *Bousley v. United States*, 523 U.S. 614, 623 (1998).

[29] *See* Exhs. 46, 61.

[30] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

consider the claim through direct appeal or state collateral-review proceedings.[31] To properly exhaust state remedies on each claim, a habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[32] The federal implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[33] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[34] Barao didn't raise a claim of actual innocence in state court, so the claim is unexhausted.[35]

A third reason this claim fails is that, if Barao were to attempt to return to state court to exhaust the claim, the state court would find it procedurally barred by state rules on timeliness and successiveness.[36] A petitioner may overcome procedural default with a credible showing of actual innocence, which requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[37] Barao's bare assertion that he did not commit the crime to which he pled no contest is wholly insufficient to meet that standard.

---

[31] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[32] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[33] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[34] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[35] Although I dismiss ground 1 as noncognizable under *Tollett*, Barao's failure to exhaust this claim and the fact that it is procedurally barred provide additional independent reasons to grant the motion to dismiss it.

[36] Procedural default refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds instead of the merits. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

[37] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**C.  *Barao's remaining motions are meritless.***

Barao has filed four documents that he titled "Motion to Overturn."[38]  For the most part, these filings are responses to the motion to dismiss, and I construe them as such.[39]  To the extent that they go beyond response and seek affirmative relief, they do not provide a legal justification for granting it.  Barao asks the court to "overturn this case."[40]  In support of that request, he offers only conclusory statements and bald assertions about his innocence, constitutional violations, and the lack of factual proof to support his conviction.  Because Barao has not provided a legal justification to overturn this case, I deny these motions.  Barao is cautioned that motions like these will only further delay the ultimate resolution of this habeas action.  His opportunity to present the legal and factual bases for his request for habeas relief is in the merits briefing that will proceed on ground 2.

Barao also filed a motion to produce documents.[41]  He asks the court to direct the State to produce two categories of documents: (1) any document that places Barao at the scene of the crime and (2) any document that shows the threatening (presumably Facebook) message was in his possession.  This purported "motion" is just a thinly veiled rehashing of the merits of his claims, so I deny it.  In the fourth motion styled as a "motion to overturn," Barao complains that he has not received a copy of the docket.[42]  I recently directed the Clerk of Court to send Barao a copy of the docket sheet,[43] so I deny that motion as moot.

---

[38] ECF Nos. 15, 17, 24, 26.
[39] ECF Nos. 15, 17, 26.
[40] ECF No. 15 at 1; ECF No. 17 at 1–2; ECF No. 24 at 1–2.
[41] ECF No. 16.
[42] ECF No. 24.
[43] ECF No. 30.

**Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 8] is GRANTED. Grounds 1 and 3 are DISMISSED** as non-cognizable in federal habeas.

IT IS FURTHER ORDERED that petitioner's four motions to overturn **[ECF Nos. 15, 17, 24, 26]** and motion to produce documents **[ECF No. 16] are all DENIED**.

IT IS FURTHER ORDERED that **respondents have until December 11, 2023, to file an answer to Barao's remaining ground for relief.** The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. **Barao will then have 30 days** from service of respondents' answer **to file a reply**.

_____
U.S. District Judge Jennifer A. Dorsey
October 26, 2023

8