**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Randy Barao,

Petitioner

v.

State of Nevada, et al.,

Respondents

Case No.: 2:22-cv-01954-JAD-NJK

**Order Denying Petition, Denying Certificate of Appealability, and Closing Case**

[ECF No. 5]

Pro se habeas petitioner Randy Barao challenges his Nevada state-court conviction for aggravated stalking.[1] Because I find that his only remaining claim—that his sentence violates the Constitution's double-jeopardy clause—is plainly meritless, I deny the petition, decline to issue a certificate of appealability, and close this case.

## Background

In October 2018, Barao pled no contest in Nevada's First Judicial District Court for Carson City, Nevada, to one count of felony aggravated stalking.[2] The charge stemmed from Barao's threatening calls and Facebook messages to his now ex-wife Brandi[3] and her boyfriend and violations of temporary protective orders (TPOs) that Brandi had obtained against him.[4] The parties stipulated[5] that his sentence would be deferred for up to two years and Barao would be

---

[1] ECF No. 5.

[2] Exhibit (Ex.) 22. Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF Nos. 9–11. All citations in this order use CM/ECF's pagination.

[3] Because the petitioner and Brandi Barao share a last name in the state-court documents, I refer to her as Brandi throughout this order. No disrespect is intended by doing so.

[4] *See* Ex. 15 (transcript of preliminary-examination proceedings).

[5] Ex. 22 (memorandum of plea negotiation).

placed under supervised release with conditions to refrain from contacting, threatening, or harassing his ex-wife; surrender any weapons and comply with weapons searches; and be monitored by GPS during his release term.[6] If Barao successfully completed supervised release, he'd be able to withdraw his no-contest plea to the felony count and instead enter a no-contest plea to one count of violating a domestic-violence protective order.

Barao was given permission to reside in Santa Rosa, California, while on supervised release.[7] About two months into his two-year term, the probation office in Santa Rosa contacted Carson City Alternative Sentencing and informed them that they had discovered Barao's "GPS unit slipped off and sitting in his vehicle."[8] Barao admitted to removing it earlier that morning. The police found a knife in his car,[9] and a search of his residence also turned up "edged weapons . . . described as swords."[10] A bench warrant issued[11] and Barao was arrested and returned to Carson City for sentencing on his aggravated-stalking charge because he'd violated his supervised-release conditions.

At his sentencing hearing, the prosecutor argued that a custodial sentence was appropriate instead of probation, noting for the court that Barao had previously pled guilty to two TPO violations from April to September 2018, which was the period of time when he and Brandi were in the process of separating.[12] The prosecutor also said that Barao had made repeated calls from

---

[6] Ex. 25 (order changing bail conditions after Barao's plea).

[7] *See* Ex. 31 (warrant request).

[8] *Id.*

[9] Ex. 38 at 10 (transcript of sentencing hearing).

[10] Ex. 31.

[11] Exs. 32, 33, 35, 36 (bench warrants).

[12] Ex. 38.

jail to family members expressing hatred for Brandi and the desire to harm her.[13] The sentencing judge gave Barao 36 to 120 months in prison, explaining that he took into account various facts to reach this conclusion:

> For aggravated stalking, a category B felony, the Court has considered the information that's been presented including [an expert report from the defense]. Also the report from—or reports from the Sonoma County Probation Department and argument. . . .
>
> The primary factors for the sentence are the allegations set forth in the criminal information [that] he pled no contest to regarding the things that he had communicated to Brandi Barao along with the TPO violations, and the Court does consider the removing the GPS bracelet. . . .
>
> However, the purpose of the GPS bracelet is not only that he did not contact Brandi Barao which the Court has no evidence that he ever did or attempted to do . . . in connection with [] removing the GPS, but it also has value in its ability to verify where he is and provide the victim with—some comfort level.[14]

Barao appealed, arguing that the district court abused its discretion by denying his request for probation and instead imposing a prison sentence.[15] The Nevada Court of Appeals affirmed, holding that the sentence was within the parameters of the relevant statutes.[16] The appellate

---

[13] During sentencing, there was also some vague discussion concerning a report that Brandi made, explaining that she heard a motorcycle go past her house and that she was concerned it was Barao, though she didn't actually know if it was him. The parties seemed to agree that no one was arguing that Barao had driven past her house or otherwise tried to come into contact with Brandi while he was not wearing his GPS monitor. When handing down his sentence, the judge made it clear that he did not hear any evidence that "Barao came to Nevada" and he thus did not consider any such allegation in his sentencing determination. *Id.* at 30.

[14] *Id.* at 30–31.

[15] Ex. 46.

[16] Ex. 61.

court specifically noted that Barao did not allege that the district court relied on "impalpable or highly suspect evidence."[17]

On appeal from the denial of his state postconviction habeas petition, Barao argued that his trial counsel was ineffective for failing to show that the victim and her boyfriend committed perjury at the preliminary hearing, that the state lacked evidence to convict him, and that the district-court judge should have been disqualified.[18] The Nevada Court of Appeals rejected these claims.[19] The appellate court also noted that Barao appeared to argue that his conviction violated his right against double jeopardy. Because Barao raised that claim for the first time on appeal, the court declined to consider it.

The sole claim remaining before this court in Barao's federal habeas petition is ground 2, in which Barao alleges that his sentence violates his right not to be put in double jeopardy.[20] Respondents argue in their answer that ground 2 is either unexhausted or meritless.[21] Barao has not filed a reply in support of his petition or responded to the answer in any manner.[22]

---

[17] *Id.* at 3.

[18] Ex. 99.

[19] Ex. 112.

[20] ECF No. 5 at 5-6; *see also* ECF No. 31 (order granting the respondents' motion to dismiss Barao's grounds 1 and 3 because they were foreclosed by United States Supreme Court precedent).

[21] ECF No. 37.

[22] It appears from the Nevada Department of Corrections website that Barao has discharged his sentence and been released from custody. *See* State of Nevada Offender Search, https://ofdsearch.doc.nv.gov/form.php (last visited April 30, 2025).

## Discussion

**A. Standards of review under the Antiterrorism and Effective Death Penalty Act**

Federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act, also known as "AEDPA." If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may grant habeas relief with respect to that claim only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[23] A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[24] And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[25] Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[26] The objectively unreasonable standard is difficult to satisfy;[27] "even 'clear error' will not suffice."[28]

---

[23] 28 U.S.C. § 2254(d).

[24] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[25] *White v. Woodall*, 572 U.S. 415, 424–427 (2014).

[26] *Id.* at 425–26.

[27] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[28] *Wood v. McDonald*, 575 U.S. 312, 316 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

Under AEDPA, the bar is high,[29] and federal habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[30] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[31] "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[32] AEDPA "thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt."[33]

If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim *de novo*.[34] The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief;[35] state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[36]

---

[29] As the United States Supreme Court acknowledged in *Harrington v. Richter*, 562 U.S. 86, 102 (2011), "If this standard is difficult to meet, that is because it was meant to be."

[30] *Id.*

[31] *Id.* at 103.

[32] *Id.* at 101.

[33] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (cleaned up).

[34] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[35] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Davis v. Woodford*, 384 F.3d 628, 639 (9th Cir. 2004).

[36] 28 U.S.C. § 2254(e)(1).

**B. Barao's double-jeopardy claim fails.**

Barao alleges a double-jeopardy violation, arguing that the judge in this case "stated that he was sentencing me to prison because of two TPO violations that I was previously sentenced for."[37] Barao asserts that the judge used those prior misdemeanors "to find me guilty of aggravated stalking and sentenced to prison," and argues that the judge's conduct violates double jeopardy.[38] Respondents contend that the claim is unexhausted and, in any event, meritless.[39] So they urge the court to deny the petition.[40]

***1. Barao's claim is unexhausted.***

Because a federal habeas petitioner incarcerated by a state must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[41] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[42] To properly exhaust state remedies on each claim, a habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[43]

---

[37] ECF No. 5 at 5–6.

[38] *Id*. at 6.

[39] ECF No. 37.

[40] *Id*. at 5, citing *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (denying an unexhausted claim on the merits under § 2254(b)(2) is appropriate when the claim presents no colorable issues).

[41] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[42] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[43] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

The Nevada Court of Appeals declined to consider Barao's double-jeopardy claim. It found that "Barao did not raise this claim in his petition" and thus that he presented it in a procedurally defective manner.[44] Because his claim was never properly presented to the highest available state court, it remains unexhausted. This alone is a reason to deny Barao's petition, but I also conclude below that his claim is plainly meritless.[45]

***2. Barao's claim is meritless.***

The Constitution's double-jeopardy clause prohibits a second prosecution for the same offense after conviction and "protects against multiple punishments for the same offense."[46] The prohibition of double jeopardy "prevent[s] the sentencing court from prescribing greater punishment than the legislature intended."[47] But it is perfectly appropriate—and common in practice—for a judge to take into consideration prior convictions when determining a sentence.[48]

Upon Barao's violation of supervised release, the state court sentenced him on the felony-aggravated-stalking charge only, which was consistent with the parties' plea agreement.[49] Nothing in the record indicates that the court found Barao guilty of and sentenced him for violating a TPO. The court explained that it considered the defense expert report, the allegations giving rise to the stalking charge, his prior TPO violations, and the removal of the GPS bracelet in reaching his sentencing determination. The judge's consideration of his prior violations does not equate to being resentenced for a prior crime. As the United States Supreme Court has

---

[44] *See Castille v. Peoples*, 489 U.S. 346 (1989) (a claim remains unexhausted when the federal claim was presented in state court in a procedurally defective manner).

[45] *Cassett*, 406 F.3d 614.

[46] *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).

[47] *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

[48] *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

[49] Ex. 38 at 30–31.

repeatedly explained, "[a]n enhanced sentence imposed on a persistent offender . . . 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one."[50] Barao was sentenced for his aggravated stalking charge, and the judge merely considered his prior violations when determining what sentence would best fit the totality of the circumstances surrounding his aggravated-stalking charge. Because Barao's claim that he was sentenced twice for TPO violations is belied by the record, I deny his petition.

**C. A certificate of appealability is not warranted.**

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability. To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[51] "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[52] Because Barao's double-jeopardy claim is plainly meritless and I conclude that no reasonable jurist would disagree, I decline to issue a certificate of appealability.

---

[50] *Monge v. California*, 524 U.S. 721, 728 (1998) (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)); *see also Moore v. Missouri*, 159 U.S. 673, 678 (1895) ("The state may undoubtedly provide that person who have been before convicted of crime may suffer severer punishment for subsequent offenses than for a first offense." (cleaned up)).

[51] 28 U.S.C. § 2253(c).

[52] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

**Conclusion**

IT IS THEREFORE ORDERED that the petition **[ECF No. 5] is DENIED** and a certificate of appealability will not issue. The Clerk of the Court is directed to **ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE**.

U.S. District Judge Jennifer A. Dorsey
May 7, 2025